OPINION
{¶ 1} Terrance Darden appeals from his conviction of felonious assault. Darden was sentenced to a maximum sentence of eight years after the trial court made certain factual findings including that the offense was "amongst the worst forms of the offense" and that Darden demonstrated "a likelihood of recidivism." The court also found that Darden's victim, his year and a half old child, suffered serious physical harm (permanent scarring) and that the defendant's relationship to his daughter facilitated his criminal act.
 {¶ 2} In his first assignment, Darden contends the trial court erred in sentencing him to a maximum sentence as a result of these findings without intervention of a jury.
 {¶ 3} The State concedes in its brief that the outcome of this appeal would be controlled by the Ohio Supreme Court decision in State v. Foster then pending on appeal. On February 27, 2006, the Ohio Supreme Court held that because R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term "authorized" by the jury verdict or admission of the defendant, they are unconstitutional. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The first assignment of error is Sustained.
 {¶ 4} In his second assignment, Darden contends that because the trial court's sentencing violated his Sixth Amendment right to a jury trial, this court should modify his sentence to a minimum sentence. That assignment is Overruled. The Judgment of the trial court is Reversed and Remanded for re-sentencing in accordance with the Foster decision.
Wolff, J., and Donovan, J., concur.